**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No: 06-CR-20601

JOHN SHORT,

    Defendant.

_____/

## ORDER FOR HEARING ON DUAL OR JOINT REPRESENTATION PURSUANT TO RULE 44(c)

The court notes that two defendants whose cases are pending on separate dockets in this court are represented by a single attorney. One of those cases is pending before this court, and based upon certain information provided by both the government and defense counsel, this court is concerned about the suitability of such simultaneous representation. The court has been informed that, although the cases are not directly "related cases" in the sense used by the Local Rules or "joint in the sense of Rule 44(c), the cases are indeed factually related in such a way as to make it appear that defendant Short could reasonably possess incriminating information concerning the case of the other defendant. Defendant Short is charged with an offense the a conviction on which would result in a mandatory minimum term of 60 months; the only possible relief from that mandatory minimum is if he were able to persuade the government to permit him to truthfully provide incriminating information, i.e., to cooperate, concerning the criminal liability of others. Defense counsel has informed thje

court that defendant Short has averred that he has no basis to cooperate, but statements supporting this conclusion are neither under oath nor on the record.

Although Rule 44(c) of the Rules of Criminal Procedure is not necessarily applicable as such in this case since these defendants are not jointly charged, the cautions of that rule are well-heeded in this instance. That rule provides as follows for cases of joint representation:

> (c) Inquiry Into Joint Representation.
> (1) Joint Representation, Joint Representation occurs when:
> (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
> (B) the Defendants are represented by the same counsel, or counsel who are associated in law practice,
> (2) Court's Responsibilities in Cases of Joint Representation. The court must promptly advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe no conflict of interest is likely to arise, the court shall take appropriate measures to protect each defendant's right to counsel.

Joint or dual representation by one attorney in any criminal case presents the potential for a conflict of interest, and the court is required to "promptly inquire" even if counsel does not raise the issue. Court-appointed counsel is available, if needed (and assuming a defendant qualifies financially), to represent a defendant or to consult with a defendant concerning dual representation. If defendant Short possesses information he could reveal to benefit him in his pending case, and if that information would be to the detriment of the another defendant simultaneously represented by Short's attorney, that attorney could not ethically question Short as to the details of such information in order to advise him on the consequences of cooperating and the attendant detriments of not cooperating. With full disclosure, it is possible that a defendant in Short's position could

2

waive the potential conflict, and decide to proceed with the same attorney. Such disclosure and waiver must be on the record.

Any defendant who proposes to waive possible conflicts of interest resulting from joint representation, must do so on the record and under oath. The court notes, however, that in appropriate situations a court may disqualify an attorney despite a defendant's proposed waiver of the right to conflict-free counsel, even if the waiver is voluntary, knowing and intelligent. See *Wheat v. United States*, 486 U.S. 153, 163 (1988) ("district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses"). The court intends to strongly recommend against dual or joint representation and is inclined to prohibit joint representation.

Accordingly, a hearing shall be held in order to so advise defendant Short in person as required by Rule 44(c), and for considering any proposed waiver of the right to separate counsel.

The court cautions that an attorney proposing to simultaneously represent separately-charged defendants or jointly represent jointly-charged defendants must be prepared with reasoned analysis to argue "that there is good cause to believe no conflict of interest is likely to arise" Fed. R. Crim. P. 44(c). The court must be persuaded that, under the particular circumstances of this case, there is no reasonable possibility that a

conflict could arise that could result in a lack of effective assistance of counsel or other prejudice to either defendant.

A hearing will be scheduled consistent with this Order. In the event that the defendant retains substitute counsel, and the purpose of the hearing is thus rendered moot, original counsel must promptly notify the court and the substitute counsel must file an appearance forthwith.

                                       s/ Robert H. Cleland
                                 ROBERT H. CLELAND
                                 UNITED STATES DISTRICT JUDGE

Dated: May 22, 2007